EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SILVERIO MORALES, acusado y apelante.

No. 4495.—*Sometido:* Junio 10, 1931. *Resuelto:* Julio 8, 1931.

El acusado compareció por escrito, por su propio derecho; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

De la denuncia, tal como quedó después de una moción eliminatoria propuesta por el acusado, aparecen los siguientes hechos:

"Que en octubre 13 hora 2:00 P. M. en la calle de Juan R. Quiñones del Juzgado de Paz de Gurabo, el referido acusado, Silverio Morales de una manera maliciosa, voluntaria e ilegal, se dedicaba a atender personalmente a los trabajos de limpieza de una letrina perteneciente a una casa de su propiedad sita en la calle Juan R. Quiñones #10. Que dicho trabajo lo realizaba el peón Ignacio Hernández bajo la dirección del denunciado. . .

". . . Siendo esto contrario a lo previsto en el párrafo quinto de la Sec. 1a. de la Ord. No. 1 aprobada por la Asamblea Municipal de Gurabo, P. R., en 2 de Diciembre de 1919."

La Corte de Distrito de Humacao impuso a este acusado diez dólares de multa, o un día de cárcel por cada dólar que dejara de pagar. Y contra la sentencia en que se impone tal pena, ha apelado el acusado, que presenta un alegato, por sí, y sin abogado.

Realmente el alegato no se ajusta a las reglas de este tribunal. Pero, sin que ello tenga el carácter de precedente, queremos ejercitar nuestra discreción en el sentido de mayor benevolencia, y resolver acerca de los errores que se señalan.

El acusado en el juicio de este caso, formuló dos excepciones: la de falta de jurisdicción de la corte; y la de que los hechos denunciados no constituyen delito. Y ésos son los fundamentos de su recurso.

El apelante sostiene que en la denuncia no aparece el año en que ocurrió el hecho denunciado. En efecto, no se expresa el año. Pero la corte de distrito entendió que jurada la denuncia el 14 de octubre de 1930, debe entenderse que el 13 de octubre a que se refiere es el día inmediato anterior al en que la denuncia fué jurada. No decimos que éste sea un

camino muy seguro para llegar a saber el año a que la denuncia se refiere.

La denuncia, sin duda, es defectuosa. Pero también es cierto que una lectura imparcial de la misma, da necesaria idea de que la fecha 13 de octubre sea de 1930, el mismo año en que la denuncia se presenta.

▮ En cuanto a la segunda objeción que a la denuncia se hace, por no decirse en ella claramente en qué sitio ocurrieron los hechos denunciados, y sí sólo "en la calle de Juan R. Quiñones del Juzgado de Paz de Gurabo," también tiene razón el apelante. La forma de designar el sitio no es correcta. El denunciante no puede hacer la conclusión de que el sitio en que ocurrieron los hechos se encuentra bajo la jurisdicción de determinado tribunal; puede, sí, presentar la denuncia ante el tribunal que él cree con jurisdicción; pero no hacer la designación de lugar en la forma en que en este caso aparece. Y como esta falta afecta a la jurisdicción de la corte, ella sería suficiente para la revocación de la sentencia.

▮ El Pueblo, por su representante el fiscal de este tribunal, ha convenido en que la excepción por no ofrecer la denuncia hechos constitutivos de delito se encuentra bien fundada.

La ordenanza de que se trata prohíbe efectuar limpieza de letrinas antes de las doce de la noche.

En la denuncia se dice que el acusado se dedicaba a atender personalmente a la limpieza de una letrina y que el trabajo lo hacía el peón Ignacio Hernández bajo la dirección del denunciado. Aunque el fiscal establece la diferencia entre "atender" y "efectuar," no estamos conformes con su teoría. Si el denunciado dirigía y hacía ejecutar el trabajo por su cuenta, orden y dirección, violaba la ordenanza. Lo que ocurre es que esas circunstancias no aparecen claramente de la denuncia.

*Debe revocarse la sentencia apelada y dictarse en su lugar otra absolviendo al acusado apelante.*